IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEROME MONROE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-434-TCK-SAJ |
| ) | |
| ERIC R. FRANKLIN, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action filed by Petitioner Jerome Monroe, a state inmate appearing *pro se*. In response to the petition (Dkt. # 1), Respondent filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 6), along with a supporting brief (Dkt. # 7). Petitioner did not file a response to the motion to dismiss. He did, however, file a motion to amend (Dkt. # 8) his petition. For the reasons discussed below, Petitioner's motion to amend should be granted. The Court shall reserve ruling on the motion to dismiss for failure to exhaust state remedies until after Petitioner files an amended petition and Respondent supplements the motion to dismiss.

### *BACKGROUND*

The record reflects that Petitioner was convicted by a jury of First Degree Murder in Tulsa County District Court, Case No. CF-2005-102. On March 28, 2006, he was sentenced to life without the possibility of parole. During trial proceedings, Petitioner was represented by attorney Shena Burgess.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner, represented by attorney Paula J. Alfred, raised the following four (4) issues:

  Proposition 1: The trial court's failure to give the requested "85% rule" instruction was error.

  Proposition 2: The trial court failed to submit salient instructions presented by the evidence and warranted under the law.

  Proposition 3: Counsel failed to provide effective assistance.
    1) failure to object to discovery violation, impeach a critical witness, and introduce exculpatory evidence,
    2) failure to object to introduction of "bad acts" evidence and request appropriate limiting instructions,
    3) counsel failed to request an instruction on the meaning of life without possibility of parole,
    4) counsel failed to object to inadmissible and prejudicial expert testimony,
    5) counsel failed to object to prosecutorial misconduct,
    6) prejudice.

  Proposition 4: The accumulation of error requires relief.

See Dkt. # 7, Ex. 1. In an unpublished Opinion, filed May 7, 2007, in F-2006-352 (Dkt. # 7, Ex. 3), the OCCA found proposition 1 to be meritorious, and affirmed the Judgment of the district court, but reversed and remanded the sentence imposed by the district court. Respondent has provided a copy of the docket sheet for Tulsa County District Court, Case No. CF-2005-102, see Dkt. # 7, Ex. 4, reflecting that on June 22, 2007, Petitioner's sentence was modified to life with the possibility of parole. Nothing before the Court indicates Petitioner sought *certiorari* review in the United States Supreme Court following the conclusion of his direct appeal.

  The docket sheet also reflects that on July 28, 2008, Petitioner filed an application for post-conviction relief. See Dkt. # 7, Ex. 4. The state district court denied the application by order mailed to Petitioner on September 10, 2008. Petitioner did not file a post-conviction appeal. See www.oscn.net. The time to file a post-conviction appeal has now expired.

Petitioner filed the instant petition for writ of habeas corpus on July 28, 2008, and identified two (2) grounds of error, as follows:

> Ground 1: Petitioner's first direct appeal of right was not adjudicated in accordance with due process of law because he was denied constitutionally effective assistance of counsel for his defense on direct appeal in violation of his Fifth, Sixth, Eighth and Fourteenth Amendment constitutional rights.
>
> Ground 2: That Petitioner is denied fair adjudication of the legality of his detention under the constitution and laws of the United States because the Oklahoma courts deny him access to a court that would be able to hear and determine the substantive merits of his independent constitutional claims that "Petitioner's first direct appeal of right was not adjudicated in accord with due process of law because he was denied constitutionally effective assistance of counsel for his defense on direct appeal" in violation of his interest arising under the due process clause of the Fourteenth Amendment.

(Dkt. # 1). Petitioner identifies six (6) bases for his ineffective assistance of appellate counsel claim asserted in ground 1. In response to the petition, Respondent filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 6). According to Respondent, neither of Petitioner's habeas claims has been exhausted. Because the petition contains only unexhausted claims, Respondent argues that the petition should be dismissed. In his motion to amend (Dkt. # 8), Petitioner asserts that he did not intend to omit his direct appeal claims and requests that he be allowed to file an amended petition to include exhausted claims and to delete unexhausted claims.

## *ANALYSIS*

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Dever v. Kansas State

Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. See Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275-76 (1971). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992).

After careful review of the existing record in this case, the Court finds it appears that the claims raised in the petition have not been presented to the state courts and are unexhausted. It also appears, however, that should Petitioner return to state court to exhaust his claims, he would be required to file a second application for post-conviction relief. Because the OCCA routinely applies a procedural bar to claims that could have been but were not raised in a prior application, the claims raised by Petitioner in his habeas petition may be subject to an anticipatory procedural bar. See Anderson v. Sirmons, 476 F.3d 1131, 1140 n. 7 (10th Cir. 2007).

In addition, although Petitioner filed a motion to amend, requesting that he be allowed to amend his petition to add exhausted claims and to delete unexhausted claims, he failed to provide his proposed amended petition along with his motion to amend, as required by the Court's Local Rules. Local Rule 9.2(c) requires that an original proposed amended petition be signed and enclosed with any motion to amend the pleading. See LCvR9.2(c). In addition, the proposed amended pleading must be "complete in itself including exhibits, without reference to the superseded pleading." See id. Nonetheless, based on Petitioner's stated intent to file an amended petition

4

containing only exhausted claims and deleting unexhausted claims, the Court finds his motion to amend should be granted. Petitioner is advised that his amended petition must be filed in compliance with LCvR9.2(c). Respondent shall supplement the motion to dismiss within twenty (20) days of the filing of Petitioner's amended petition to discuss the impact, if any, of the amended petition on the motion to dismiss. The Court shall reserve ruling on the pending motion to dismiss until after Petitioner files his amended petition and Respondent supplements the motion to dismiss.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's motion to amend (Dkt. # 8) is **granted**. Within twenty (20) days of the entry of this Order, or by December 2, 2008, Petitioner shall file an amended petition.

2. Respondent shall file a supplement to the motion to dismiss within twenty (20) days of the filing of Petitioner's amended petition to address the impact, if any, of the amended petition on the motion to dismiss.

3. The Court reserves ruling on the motion to dismiss until after Petitioner has filed an amended petition and Respondent responds with a supplement to the motion to dismiss.

4. The Clerk shall send Petitioner a blank habeas corpus petition, marked "amended" and identified as Case No. 08-CV-434-TCK-SAJ.

DATED THIS 12th day of November, 2008.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE