# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEROME MONROE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 08-CV-434-TCK-TLW |
| | ) |
| ERIC R. FRANKLIN, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the amended 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 10) filed by Petitioner Jerome Monroe, a state prisoner appearing *pro se*. Respondent filed a response to the amended petition (Dkt. # 11), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 11, 12, and 13). Petitioner filed a reply (Dkt. # 17). For the reasons discussed below, the Court finds the amended petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

**A.    Factual Background**

Pursuant to 28 U.S.C. § 2254(e)(1), the historical facts found by the state court are presumed correct. Following review of the record, including the trial transcripts, the Court finds the factual summary by the OCCA is adequate and accurate. Therefore, the Court adopts the following summary as its own.

> Between 6:00 a.m. and 7:00 a.m. on December 24, 2004, Monroe shot his girlfriend, Ronda Doyle, in the face and killed her. The two were in their bedroom. Monroe testified that the gun accidentally went off while he was attempting to break it down and unload it. Doyle and their boarder, Charles Boykin, had been to a party the previous evening, then the three stayed up until 4:30 drinking and playing dominoes. Doyle and Monroe continued to play after Boykin passed out.
>
> After Doyle's death, Monroe tried to conceal the crime. He covered her body with blankets and shut and locked the bedroom door. He told two small children,

>who saw her that day after her death, that she was sleeping. Over the course of the next few days Monroe stopped up the bottom of the bedroom door with paper and simmered potpourri on the stove to cover up the increasingly unpleasant odor. Several family members and a minister called and visited the apartment repeatedly over the Christmas holidays. Monroe told them Doyle was shopping, with a friend, gone, out of town, and he didn't know where she was. At one point he told Doyle's sister that she had called and would be back soon. Her family reported Doyle missing on Christmas Day. On the 28th, officers entered the locked apartment as part of the missing person investigation, and found the body, While officers did not find the murder weapon, family members going through things in the bedroom found it the next day.
>
>Monroe saw the officers near the apartment on the 28th and left for San Francisco. Monroe testified that he had locked up the body and lied because he was not sure what to do, and he was scared that, because he was a black man in North Tulsa and had been drinking, officers would not believe the shooting was an accident. He testified that his decision to finally leave the area was spontaneous, and it was coincidental that officers had come to the apartment just at that time.

See Dkt. #11, Ex. 3 at 1; Dkt. # 19.

**B.     Procedural history**

Petitioner was convicted after a jury trial, in Tulsa County District Court, Case No. CF-2005-102, of First Degree Murder. On March 28, 2006, the trial court judge sentenced Petitioner in accordance with the jury's recommendation to life imprisonment without the possibility of parole. Petitioner was represented during trial and sentencing proceedings by attorney Shena Burgess.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Paula J. Alfred, Petitioner raised the following propositions of error:

>Proposition 1: The trial court's failure to give the requested "85% Rule" instruction was error.
>
>Proposition 2: The trial court failed to submit salient instructions presented by the evidence and warranted under the law.
>
>Proposition 3: Counsel failed to provide effective assistance.
>    1.     Failure to object to discovery violation, impeach a critical witness, and introduce exculpatory evidence.

  2. Failure to object to introduction of "bad acts" evidence and request appropriate limiting instructions.
  3. Counsel failed to request an instruction on the meaning of life without possibility of parole.
  4. Counsel failed to object to inadmissible and prejudicial expert testimony.
  5. Counsel failed to object to prosecutorial misconduct.
  6. Prejudice.

See Dkt. # 11, Ex. 1. In an unpublished opinion filed May 7, 2007, in Case No. F-2006-352 (Dkt. # 11, Ex. 3; Dkt. # 19), the OCCA affirmed Petitioner's conviction. However, after finding Petitioner's first proposition of error to be meritorious, the OCCA reversed and remanded for resentencing. The docket sheet for Tulsa County District Court, Case No. CF-2005-102, viewed at www.oscn.net, reflects that on June 22, 2007, Petitioner waived his right to a jury trial for resentencing. After Petitioner accepted the State's recommendation of life with the possibility of parole, the trial judge modified his sentence accordingly. An amended judgment and sentence was filed of record on June 28, 2007.

  On July 28, 2008, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In response to the petition, Respondent filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 6). In response to the motion to dismiss, Petitioner filed a motion to amend petition (Dkt. # 8). After the Court granted the motion to amend, Petitioner filed his amended petition (Dkt. # 10). In his amended petition, Petitioner identifies two (2) grounds for relief, as follows:

 Ground 1: Petitioner was denied due process contrary to clearly established law when the trial court failed to submit salient instructions presented by the evidence and warranted under law.
    Supporting facts: There was clear evidence in the record that warranted a second degree manslaughter jury instruction. The failure of the trial court in granting this instruction resulted in a fundamentally unfair jury instruction and was contrary to clearly established law.

        Ground 2:      Petitioner was denied effective assistance of trial counsel contrary to the dictates of the U.S. Const. Six Amend.
Supporting facts: 1. Counsel failured [sic] to object to discovery violation, impeach a critical witness, and introduce exculpatory evidence. 2. Counsel failure [sic] to object to introduction of "bad acts" evidence and request appropriate limiting instructions. 3. Counsel failed to request an instruction on the meaning of life without possibility of parole. 4. Counsel failed to object to inadmissible and prejudicial expert testimony 5. Counsel failed to object to prosecutorial misconduct 6. Counsel caused prejudice.

See Dkt. # 10. In response to the amended petition, Respondent asserts that Petitioner's claims do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 11.

*ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the amended petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Upon review of the amended petition and the state court record, the Court finds that Petitioner has exhausted his state court remedies.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.    Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated Petitioner's grounds 1 and 2 on direct appeal. Therefore, those claims will be reviewed pursuant to § 2254(d).

### 1. Failure to issue lesser included offense instruction (ground 1)

As his first ground of error, Petitioner complains that his trial was rendered fundamentally unfair by the trial court's refusal to instruct the jury on the lesser included offense of Second Degree Manslaughter. In denying relief on this claim on direct appeal, the OCCA cited McHam v. State, 126 P.3d 662, 669-70 (Okla. Crim. App. 2005), and found as follows:

> In Proposition II Monroe claims he should have received his requested instruction on the lesser included offense of second degree manslaughter. He also claims the trial court should have *sua sponte* instructed on excusable homicide. Monroe did receive an instruction on the lesser included offense of first degree misdemeanor manslaughter. A trial court should instruct on every lesser included offense supported by the evidence. First degree misdemeanor manslaughter, as applicable here, required proof that Monroe caused Doyle's death without any design to effect her death, while engaged in reckless handling of a firearm. Second degree manslaughter requires only an unlawful death procured by a defendant's culpable negligence. Excusable homicide occurs when a death accidentally results where a defendant is committing a lawful act by lawful and ordinary means with usual and ordinary caution. In denying Monroe's requested instruction on second degree manslaughter, the trial court noted that, although Monroe claimed the shooting was an accident, he admitted he was trying to break down or unload his gun while he was drunk. The trial court concluded that this evidence might support a finding that Monroe was recklessly handling a gun, but did not support a conclusion that Monroe was culpably negligent. This decision was not an abuse of discretion.

(Dkt. # 11, Ex. 3) (footnotes omitted).

5

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). Thus, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1),(2). As determined by the trial court and the OCCA, the evidence presented at trial supported a finding that, at the least, Petitioner was recklessly handling a gun since he admitted he was trying to unload his gun while he was drunk. For that reason, the trial court issued an instruction on First Degree Misdemeanor Manslaughter. In refusing defense counsel's request to instruct on Second Degree Manslaughter, the trial judge stated that the jury "would have to disregard all the evidence in this case including the testimony of the defendant" to find that there was no reckless handling of a firearm, see Dkt. # 13-1at 405, and relied on Oklahoma case law for the proposition that where the evidence supports the misdemeanor manslaughter doctrine, the possibility of finding

6

second degree manslaughter is precluded, see id. at 407-08 (discussing Reynolds v. State, 617 P.2d 1357, 1360 (Okla. Crim. App. 1979), and Miller v. State, 523 P.2d 1118 (Okla. Crim. App. 1974)), 411-12. The OCCA in turn found that the trial court's refusal to instruct on Second Degree Manslaughter was not an abuse of discretion. See Dkt. # 11, Ex. 3.

In his reply, Petitioner claims that the evidence presented at trial failed to establish that he was legally intoxicated at the time of the shooting, and that, as a result, the State failed to establish that he had recklessly handled a firearm. See Dkt. # 17. Therefore, Petitioner argues that the trial judge erred in failing to instruct on Second Degree Manslaughter. Id. However, that argument overlooks Petitioner's own testimony that they had all been drinking Scotch during the hours preceding the shooting, see Dkt. # 13-1 at 352-53, and that he had consumed enough alcohol that he "was buzzing." Id. at 366-67. Petitioner has not demonstrated that his trial was rendered fundamentally unfair by the state courts' interpretation of state law. Furthermore, Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases). Petitioner's trial was not rendered fundamentally unfair as a result of the trial court's failure to instruct the jury as requested by Petitioner. Petitioner is not entitled to habeas corpus relief under § 2254(d) on ground one.

**2. Ineffective assistance of trial counsel (ground 2)**

As his second ground of error, Petitioner complains that trial counsel provided ineffective assistance. In his amended petition, he identifies five (5) specific instances of deficient performance

by trial counsel and argues that he was prejudiced by counsel's deficient performance. See Dkt. # 10. On direct appeal, the OCCA reviewed each instance of allegedly ineffective assistance and found that Petitioner was not prejudiced by the acts and omissions of counsel. See Dkt. # 11, Ex. 3.  For that reason, the OCCA denied relief on Petitioner's ineffective assistance of counsel claims. Id.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

As stated above, Petitioner identifies five (5) instances of deficient performance by trial counsel and asserts that he suffered prejudice as a result. In response to the amended petition, Respondent addresses each of the five (5) allegations, in sub-propositions A-E, and the allegation of prejudice in sub-proposition F. Petitioner filed a reply (Dkt. # 17), conceding the validity of the arguments presented by Respondent in sub-propositions A, B, C, and E. Therefore, the Court will address only sub-propositions D, that trial counsel provided ineffective assistance in failing to object to the expert's testimony, and F, that Petitioner suffered prejudice as a result.

As the fourth instance of ineffective assistance of counsel identified in the amended petition (Dkt. # 10), Petitioner claims that trial counsel provided ineffective assistance in failing to object to inadmissible and prejudicial expert testimony by Dr. Andrew Sibley, the forensic pathologist for the State of Oklahoma. Petitioner argues that Dr. Sibley's opinion that the shot that caused Ronda Doyle's death was a contact wound was improperly admitted because it was based on speculation. In sub-proposition D of proposition II of the response, Respondent argues that trial counsel did not provide ineffective assistance in failing to object to Dr. Sibley's testimony. On direct appeal, the OCCA found as follows:

> Monroe argues that counsel should have objected to the medical examiner's testimony regarding the likelihood that the shot was a close range or contact wound. Monroe testified that he was several feet from Doyle when the gun accidentally discharged. Dr. Sibley testified regarding the characteristics of close range gunshot wounds. Doyle had an entry wound by the right nostril and no exit wound. The birdshot pellets and shotgun wadding stayed together and made a single wound path which ended near the left inside of her neck. Dr. Sibley testified that these facts were characteristic of close range or contact wounds, where the muzzle was from zero to three feet away at the time of the shot. There was no gunpowder stippling around the wound, which also indicated a very close range or contact wound. However, Dr. Sibley testified there could have been stippling which had disappeared during the decomposition process. He said that, based on the pellet distribution and presence of the wad in the wound, he believed the wound was a contact wound. However, he would not state that with certainty because, given Doyle's state of decomposition,

9

> he could not determine whether stippling had been present. This was not, as Monroe suggests, an expert opinion based on a "feeling" or extra-record evidence. Dr. Sibley did not tell jurors that the rules prevented him from going with his "gut feeling," as Monroe claims. Rather, he testified that although in his experience the wound characteristics suggested a contact wound, he would not state it was a contact wound because some evidence on that issue might have been altered by the decomposition process. Dr. Sibley was giving the jury technical or specialized knowledge which could assist them in understanding the evidence. This is what expert witnesses do. While his opinion evidence went to the ultimate issue, he did not tell jurors what result to reach. This opinion testimony was proper. As any objection to the testimony would have been overruled, counsel was not ineffective for failing to object.

(Dkt. # 11, Ex. 3).

The Court agrees with the OCCA that trial counsel did not provide ineffective assistance in failing to object to Dr. Sibley's testimony. Petitioner cannot satisfy either prong of the Strickland standard. The expert testimony of the medical examiner was proper and if counsel had lodged an objection, the objection would have been overruled. Therefore, counsel did not perform deficiently in failing to lodge a meritless objection. Since any objection would have been overruled, Petitioner cannot demonstrate that he was prejudiced by counsel's failure to object to the expert testimony. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

**C.  Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court finds that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The amended petition for writ of habeas corpus (Dkt. # 10) is **denied**.

2. A separate judgment in favor of Respondent shall be entered in this matter.

3. A certificate of appealability is **denied**.

DATED this 22nd day of March, 2012.

TERENCE KERN
UNITED STATES DISTRICT JUDGE